IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL WALZ, | ) | CASE NO. 8:13CV250 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Objection to Removal and Request for Remand (Filing No. 9) submitted by Plaintiff Paul Walz ("Walz"). For the reasons discussed below, the Objection will be denied, and the action will progress in this Court.

## FACTUAL AND PROCEDURAL HISTORY

For purposes of the pending Objection, the Court accepts as true all well-pled facts in Walz's Complaint (Filing No. 1-1), although the Court need not accept his conclusions of law. The following is a summary of those factual allegations.

Walz is a resident of Omaha, Nebraska, who was employed by the Defendant United Parcel Service, Inc. ("UPS") for approximately thirty-one years, prior to his termination on June 7, 2013. At all times material to this action, his employment was governed by a Collective Bargaining Agreement ("CBA") between UPS and the International Brotherhood of Teamsters, including a supplemental agreement governing the Central Region of the Teamsters. The CBA contained provisions governing holidays and vacation leave.

Walz made certain false entries in connection with delivery times, and UPS terminated his employment for "dishonesty." Upon his termination, UPS refused to pay Walz for accumulated leave. Walz filed his Complaint against UPS in the District Court of Douglas County, Nebraska, alleging a violation of the Nebraska Wage Payment and

Collection Act, Neb. Rev. Stat. § 48-1228 *et seq*. ("NWPCA"), and seeking unpaid wages for himself in the amount of $17,501.72, the same amount for Nebraska's Common School Fund, attorney fees, costs, and expenses.

The parties briefs (Filing Nos. 10, 12, and 13) show there is no dispute that Walz's termination for "dishonesty" was upheld following his grievance under the CBA, and his request for payment of unused vacation leave was denied by UPS because the CBA provided that employees discharged for dishonesty forfeit any such payments.

UPS removed the action to this Court, asserting that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), preempts Walz's state law claim.

## DISCUSSION

UPS argues that Walz's claim is really a claim for violation of the CBA, or at least requires interpretation of the CBA, and 29 U.S.C. § 185(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Considering the effect of 29 U.S.C. § 185(a) on state-law claims, the U.S. Court of Appeals for the Eighth Circuit has said:

> The Supreme Court construes § 301 of the LMRA to preempt state law claims where the resolution of the state law claim "substantially depends" on the interpretation of terms or provisions of a collective bargaining agreement. If the state law claim is "inextricably intertwined with consideration of the terms of the labor contract," that claim is preempted. If the claim is not "inextricably intertwined" with a collective bargaining agreement, that claim is independent and is not preempted.

*Hanks v. Gen. Motors Corp.*, 906 F.2d 341, 343 (8th Cir. 1990) (internal citations omitted).

Walz acknowledges that claims involving an interpretation of a CBA are completely preempted by the LMRA. (Plaintiff's Brief, Filing No. 10, at 3.) He contends, however, that there is no need for interpretation of the CBA in this case. He argues that his claim under the NWPCA is independent of the CBA and "can be pursued without referencing any language of the CBA," with the possible exception of certain benefit accrual provisions that are not susceptible to more than one interpretation. (*Id*. at 2.)

The NWPCA requires employers to pay former employees any "unpaid wages" within a certain period of time following separation. The term "wages," includes fringe benefits such as vacation pay "when previously agreed to and conditions stipulated have been met by the employee[.]" Neb. Rev. Stat. § 48-1229 (3) and (4) (Reissue 2004).

The question of whether Walz has any right to payment from UPS under the NWPCA will substantially depend on an interpretation of the CBA. His state law claim is "inextricably intertwined" with consideration of the terms of the CBA, and is preempted by 29 U.S.C. § 185(a). This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Accordingly,

IT IS ORDERED that the Plaintiff Paul Walz's Objection to Removal and Request for Remand to State Court (Filing No. 9) is denied.

DATED this 15th day of November, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

3